judge Taylor.
Brothers and sisters then living, means brothers and sisters in being at the time of making che will; not those who shall come into being afterwards. Moreover, the words then living, are used in other clauses of this will, where they evidently refer to the death of the legatee for life. That proves that in this place they have the same reference, that is to the death of Francis ; not to the period when hi» issue shall fail. And in that view of the case which I think the proper one, the limitation over is not too remote, and is therefore a legal and valid limitation,
Locke, judge.
I am of the came opinion.
M'Cay, Judge.
I am of the same opinion.
Hall, judge.
Brothers and sisters then living, means brothers and sisters who shall come into being, as wed as those already iit being, where they .are to tdte on a future event; if to take a *376 present interest, they mean brothers and sisters in being — CoV/p* Cl" Consequently, as the brothers and sisters here spoken off were to take on a future event, should it happen, ail those bom after the making of the will, who shall be living when the event occurs, have an equal claim wiih those in being when the will was made. As to the ulterior limitation to be good, it must be such a must take effect, if at all, in a Ufa in being, and 21 years after. Now here suppose Francis died, leaving a son, and then Thomas had issue, another brother or sister of Francis ; and twenty-two years after the death of Francis, his son should die without issue. Under the terms used in the limitation now under consideration, the issue of Thomas, born after the life time of Francis, would take, although the event upon which the ultimate limitation depended, did not take place till 22 years after the life of Francis, or it might have been 40 or 50 years after j for the issue born after the death of Francis, might have lived 50 or SO, or even. SO years ; and the son of Francis, or the son of that son, might have then died without issue, CO or 80 years after the death of Francis. A brother or sister of Francis might, be then living, and might say, the estate is mine, for lama bro« ther living at the period when Francis is deed, -without issue.- — . Whenever the issue of Francis lads, he is iu law said to be dead wiihout issue. This then is not such a limitation over as must take effect, if at all, within a life in being, and 21 years after : It may take effect if allowed to be a valid limitation, 50 or 60 years after that period — and J am therefore of opinion it is void in law.
The words then living, used in the other parts of the will, tie up the event to the death of the legatee for life, in precise terms ; which proves that the writer of the will well knew how to confine the limitation over to that event when he wished to do so; and proves to my mind that he did not mean it in the present insrance. lio meant, as the words import, that the portion of Francis should go to all the children of Thomas, horn and to be horn, who should be living when the line of Francis failed. He bad no reason for preferring the children of Thomas who were born, to those who were not so : he has not intimated such a preference.
Severe of this decision. I think for the reasons given and authorities cited by Judge Hail, that it is not law. Indeed I am satisfied it is not.